**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:24-cv-00277-ALM-AGD |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT GANN, | ) | |
| | ) | |
| Defendants. | ) | |
| ______________________________ | / | |

**<u>DEFENDANT'S EMERGENCY MOTION</u>**
**<u>FOR STAY OF COLLECTION EFFORTS</u>**
**REQUEST FOR ORAL ARGUMENT**

**TO THE HONORABLE COURT:**

COMES NOW, Defendant Scott Gann, by and through his undersigned counsel, and respectfully submits this Emergency Motion for Stay of Collection Efforts and Request for Oral Argument. Mr. Gann was a shareholder who was not involved in day to day operations of Humanity Capital Inc. Defendant Scott Gann will supplement this motion with a brief and affidavits. Defendant seeks immediate relief to prevent egregious harm resulting from the government's improper attempt to pierce the corporate veil and foreclose on his personal residence without affording him an evidentiary hearing to demonstrate the errors in the government's actions. The hearing would establish that Gann only recently learned of attorney misconduct (violating rule 26 and not disclosing threats to the witness and that witness statements/transcripts were being collected and altered). Gann will confer with the government and is very eager to learn the names of the attorneys who met with Mimbi Robertson, review their witnessness' transcripts that were obtained and not shared, and learned later that the revenue officers appeared to break the Revenue Officers Collection Guidelines and rely upon statements inconsistent with the initial interviews.

## I. INTRODUCTION

The government's refusal to stay collection efforts and its attempt to foreclose on Mr. Gann's personal residence based on alleged tax liabilities of Humanity Capital, Inc. (HC, Inc.) is improper and unsupported by evidence. Mr. Gann was **not** involved in the day-to-day operations of HC, Inc., and the government has failed to exhaust the corporate assets of HC, Inc. and its larger parent company Human Capital Holding Corp. before using public resources (estimated at $ 100,000 plus) to solve the problem of obtaining a high collection percentage of the trust fund penalties without taking a step back and determining if closing the corporation down or selling its ability to be on an exchange (i.e., its ability to have a stock ticker) would satisfy most of the creditors. The government made a collection mistake in not simply demanding the corporate assets. Since the IRS interview did not occur during 2005-2007, there is not even evidence in the record that Gann had the ability to correct the 941 issues, no evidence that Gann was aware of the 941 issues when they arose in the in 2005-2007 (no willful misconduct), no evidence that Gann was having a disfavored paying of certain creditors over the IRS, and no evidence that the CFO or CEO disclosed to Gann or others that the company ran out on the 941 trust fund payments that it withheld/failed to pay. Without an evidentiary hearing, Mr. Gann will suffer irreparable harm, including the loss of his home, in violation of his due process rights and Texas homestead protections.

Additionally Gann complains that rather than embracing the allegations of witness tampering, and vigorously investigating the prosecution team and the integrity level or discipline of its staff, the government is unwilling to commit resources into investigating this issue. Either way, Gann cannot be liable for the failure to pay the SSI trust fund when he was unaware of his own officer's misconduct.

## II. LEGAL STANDARD

1. *Piercing the Corporate Veil:*

   - *United States v. Bestfoods*, 524 U.S. 51 (1998): Corporate directors are not personally liable for corporate obligations unless they engage in direct misconduct.

   - *Sea-Land Services, Inc. v. Pepper Source*, 941 F.2d 519 (7th Cir. 1991): Piercing the corporate veil requires clear evidence of fraud or misuse of the corporate form.

2. *Exhaustion of Corporate Assets:*

   - *Slodov v. United States, 436 U.S. 238 (1978)*. This case clarified that while responsible persons can be held liable for unpaid trust fund taxes, the IRS should first attempt to collect from the company before pursuing individuals

3. *Homestead Protections:*

   - **Texas Property Code § 41.001** protects homesteads from forced sale except for specific debts, such as purchase money liens or taxes directly related to the property neither of which applies in this case.

4. *Due Process:*

   - ***Mathews v. Eldridge***, 424 U.S. 319 (1976): Due process requires notice and an opportunity to be heard before depriving an individual of property.

## III. ARGUMENTS

**A. Improper Piercing of the Corporate Veil**

The government has failed to provide evidence of fraud, undercapitalization, or misuse of the corporate form by Mr. Gann. His role in HC, Inc. was limited to oversight and investment-related activities, and he was not involved in the company's day-to-day operations. Even in cases before Sarbanes Oxley was passed The United States Supreme Court has rejected the concept that liability for 941s immediately falls upon the corporate revenue officers. *Slodov v. United States, 436 U.S. 238 (1978)*. This case clarified that while responsible persons can be held liable for unpaid trust fund taxes, the IRS should first attempt to collect from the company before pursuing individuals' assets.

**B. Failure to Exhaust Corporate Assets**

*Slodov v. United States, 436 U.S. 238 (1978) (*holding that responsible persons can be held liable for unpaid 941 trust fund taxes, the IRS should first make an assessment of corporate solvency, repeating the importance of attempting to collect from the company before pursuing individuals).

B. Failure to collect the corporate assets that the government stopped pursuing twice before. There is no reasonable explanation for punishing Gann and charging him interest for "willful" trust fund violations when the government appeared not interest in this case for significant periods of time.

In the worst case, Gann offers to use the corporate assets as his bond or security until the overall fairness of these uncanny transaction pans out. Gann has a right in not selling his homestead (effectively his castle in Texas) and home that he had even before he invested in Tabitha IV. There has been zero evidence of self dealing or other impermissible benefit that

Gann enjoyed as a result of his alleged participation in a scheme to not pay all taxes. Reason dictates that the parties need to remain calm and see whether the shares of HCHC and its overall investment platform can be adjusted and then quietly offered for sale over six months to a year. This strategy should result in an efficient method of raising funds to take an offering public, and the value of liquidating its stock ticker asset that has a floor price cost as measured by the receipts proving the fees associated with the acquisition cost. This value/price is also enhanced by the incentives offered by the purchasers (sometimes as high as 20% , most purchasers pay a commission of 6-8% to the sellers, and some offer participation in the benefits of other ventures, etc.). Gann can demonstrate that the basement cost was $ 500,000 to $ 1,000,000 depending on incentives offered and that the acquisition cost of the asset held by the corporation is the most accurate value as a price floor since the potential purchasers/investors are familiar with the costs of pursuing an IPO or something similar. Gann can testify as to the acquisition cost and is essentially an expert on the subject having used a FINRA "no comment' opinion letter and other 10-K filings to meet the guidelines and showing essentially complaince with the same requirements of the SEC or open exchanges.

B. Additionally, the revenue officers who are attempting to recover unpaid 941s associated with Tabitha IV failed to pursue the easy collection of taking the parent company's stock ticker/status as compliant and recognizing that the corporation had assets that could have been liquidated to satisfy the alleged tax liabilities. The government's failure to exhaust these assets violates established legal principles and unjustly shifts liability to Mr. Gann.

In *Slodov,* IBID, the United States Supreme rejected the government's argument that liability under 6672 created a trust on all money that the corporation received and noted that the

case was before the Court on the individual liability because the corporation did not have assets and field a bankruptcy after failing to pay the 941 trust funds.

Additionally, in the Government's Collection Guidelines for Revenue Officers (mandatory guidelines) are created and enforced to have equal treatment of different taxpayers in similar cases, based upon the willfullness of the failure to pay trust funds and the defined responsibility for mishandling the same. The notes give indications of how to resolve certain conflicts and notes four and five of Section 5.7.4.8.2 (11-12-2015) of the Collection Guidelines for Revenue Officers states that if the corporation ends up insolvent, then the IRS should go after the party who is found responsible for the unpaid trust funds. This implies the importance of having a solvency test for the corporation and collecting from the corporation first.

A strong impetus for standard guidelines and demonstrating adherence to them is to avoid the atrocious consequences of having a justice department that becomes too political in its discretion of which alleged tax violators to go after. It appears that this may have caused the ten year GAP between the missed 2005 payments, the 2017 trial, and the present 2025 collection.

**C. Homestead Protections and the right to choose how to satisfy creditors.**

1.`The lien placed on Mr. Gann's home is unrelated to the property itself and is therefore protected under Texas homestead laws. The government's actions threaten to deprive Mr. Gann of his home in violation of these statutory protections.

2. The government is still failing to comply with its own collection guidelines. The government has 100% overlooked the fact that the parent company of HC, known as Human Capital Holding Corporation, Inc. is an asset that was acquired to essentially allow a business venture that needs to have many investors and be public traded

During the pendency of the review of these issues, the government has had the ability to carefully schedule any needed corporate compliance with the underlying asset However, the present collection effort against Gann appears to either be punitive in nature (for resisting the injustice) or based on a false assumption that the government should be encouraged to be dishonest to its citizens.

**D. Due Process Violations**

1. The government is pushing a collection when liability is very shaky.

The government's refusal to stay collection efforts and its attempt to foreclose on Mr. Gann's home without providing an evidentiary hearing violates his procedural due process rights. Mr. Gann has not been afforded an opportunity to present evidence demonstrating the errors in the government's acti(ons.

2. Offers to let Gann keep some of his personal property (much of it is exempt and the govennrment should recognize the same). It is an unfair practice of the government to attempt to offer Gann to be able to retain his exempt possessions only if he agrees to not have a governmental review of his case, under circusmstances in which the government could be satisfied by the asset of the homestead or satisfied out of a different judgment creditors who defrauded him on a business deal. While Gann can appreciate why the government does not want to have a hearing on these issues,

**E. Irreparable Harm**

If the government's collection efforts are not stayed, Mr. Gann will suffer irreparable harm, including the loss of his home, damage to his reputation, and financial ruin. These harms cannot be remedied through monetary damages alone.

F. All the parties know that the damages figures must be exact in SSI and tax cases because of the right to have credits for other payments that reduced taxed liability. The government should be punished for not going after the original creditor before jumping on a well known Republican fundraiser. The government knows that there is no basis for assuming that the judgment figure is close to accurate and that public trust in the government is destroyed when a party asked for basic records to overcome a strong feeling that the numbers are not even in the same ballpark and rather than receive frank testimony on whether individuals were isolated as being misclassified as nonW2 and as a result of that, whether the total liability was correctly calculated in an accurate spreadsheet and whether those social securities numbers were cross checked with the government records to see what taxes they did pay. Without these numbers, we cannot credible suggest that Scott Gann should lose his homestead until more data is provided. Otherwise, given that the attorney misconduct allegations were not verified by the CEO to this attorney until more than 60 days after the judgment (and I was not going to file such a strong claim without a very direct interview, which was hard to arrange with the parties' conflicting schedules - the parties need this case to stay alive to outwit the collection attempts which are appearing more and more nefarious by the minute.

The unfortunate practices and policies of the government came at the worst possible time and with the worst possible consequences. Things could be really different if the government recognized the similarities of this case and other 941 cases and how the damages cannot be considered the same aas damages in other normal cases. The Officer's Collection Guidelines and

the Internal Revenue Code make it clear that the business owner should get a 100% credit for all successful collection attempts by the government to others to collect the same 941s. Right now, we don't have a party other than Mr. Gann who is actually worried that the Court was thinking the same earlier today.

## IV. REQUEST FOR ORAL ARGUMENT

Defendant respectfully requests oral argument to address the government's improper actions and the egregious harm that would result if Mr. Gann is deprived of an evidentiary hearing. Oral argument will allow the Court to fully consider the legal and factual issues in this matter and ensure that Mr. Gann's rights are protected.

## V. STATEMENT ON CONFERENCES

The parties have been civil with one another and very straightforward. The government has demonstrated no interest in the public integrity, transparency, or other issues. The government is opposed to this motion and to having even a hearing on this motion (although the State will not confer and give us guidance as to whether Dallas, Kaufman, or Collin (Plano) County has the best options for my client.

## VI. STATEMENT RECARDING ROBERT PARKER'S MOTION TO APPEAR PRO HAC VICE

Ciarochi law firm is happy to sponsor the application of Robert Parker to appear Pro Hac Vice in this matter. Mr. Parker is sitting for the California Bar Exam next Tuesday and Wednesday (August 1 and 2) and Ciarochi has his family law allotted "Daddy Daughter time" on a mini vacation from Saturday, July 26 to Wednesday August 2, 2025. Counsel for the

government is not expected back for a few days and has asked us not to schedule matters for 7.24.2025, 7.25.2025, 8.4.2025, and 8.5.2025. I will include an order setting a hearing and work to have these motions briefed and supported with witness statements by Monday, July 28, 2025.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that this Court:

1. Grant an emergency stay of the government's collection efforts;
2. Allow Gann to further brief and identify the issues in this case.
3. Schedule an evidentiary hearing to address the government's improper attempt to pierce the corporate veil and foreclose on Mr. Gann's home;
4. Require the Government to research its records and given an account as to the veracity of Gann's and Robertson's statements.
5. Require the government to research its records and provide data as to the other taxpayers whose audits or payments reduced the tax sum that is asserted and rule that requiring Mr. Gann to risk losing his exempt personal property over a debt like this would require the government to provide a copy of all of the documents and tax credits received by auditing the tax payers (to reduce the claimed liability to its true figure).
6. Declare that the government's actions violate established legal principles, Rule 26 of the Texas Rules of Civil Procedure, Texas homestead protections, and Mr. Gann's due process rights;
7. Grant oral argument to address the foregoing issues; and
8. Grant any other relief that this Court deems just and proper.

Respectfully submitted,

**CIAROCHI LAW FIRM PLLC**

By: **/s/ Jason Ciarochi Ciarochi,** Esq.
Texas State Bar: 24012424

P.O. BOX 29256
Dallas, TX 75229
214-642-2424
jasonciarochi@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion was served on all parties of record via electronic mail at the email addresses noted on the Court's Record on this the 24th day of July 2025.

/s/ Jason Charles Ciarochi

Jason Charles Ciarochi