**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff, v.** | § | **No. 4:24-CV-00277-ALM-AGD** |
| | § | |
| **SCOTT GANN, ET AL,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**SCOTT GANN'S MOTION BASED ON**
**28 USC § 455 AND MOTION FOR IN CAMERA INSPECTION**

COMES NOW, Scott Gann, Defendant, and respectfully files this, Scott Gann's Motion Pursuant to 28 USC § 455 and Motion for In Camera Inspection and will show this Court as follows:

**I. Defendant's Counsel conferred with Counsel for the United States (Mr. May) – Defendant may be required to file this prior to filing a requested response regarding matters that require immediate adjudication.**

**Defendant does not believe that the parties are in agreement with this motion.**

The Declaration of Scott Gann establishes the issues relating to Scott Gann and this Court previously being two suitors competing as rivals for the same woman.

Gann did not realize the history until he saw the name and a picture. Gann is curious to hear the Court's memories of their rivalry (and the Court's perspective of related events affecting the parties).

## II. This filing is one of at least four filings coming into this Court today, including the motions relating to staying the actions of the receiver. Gann believed he was duty bound to file this motion first.

This Court asked for Gann to identify any issues that need to be resolved immediately and/or opposition to the government's desire to have a receiver that is not accountable during the shutdown. Gann believes that he is required to file this motion first (to call the Court's attention to the recusal that he is obligated to file as he verifies/learns of the conflict.

## III. IT IS UNFAIR TO ALLOW THE RECEIVER TO ACT LIKE A LONE WOLF DURING LAPSES IN FUNDING (GANN DID NOT WANT TO WAIVE THIS ISSUE IN UPLOADING MULTIPLE FILINGS – COUNSEL FOR GANN IS GOING TO REACH OUT AFTER THE FILINGS TO DETERMINE WHETHER THE COURT IS SEEKING THE PARTIES IN PERSON TODAY OR TOMORROW OR VIA ZOOM, ETC.) .

IT IS A VIOLATION OF THE ANTI-DEFICIENCY ACT FOR THE UNITED STATES ATTORNEY TO WORK DURING FURLOUGH.
FEDERAL LAW PROHIBITS FEDERAL EMPLOYEES FROM EXPENDING FUNDS OR HAVING UNAUTHORIZED VOLUNTARY SERVICES EXCEPT DURING EMERGENCIES.

MR. MAY DID NOT HAVE THE RIGHT TO FILE WITH THE COURT DURING THE FURLOUGH AND THE RECEIVER CERTAINLY DID NOT HAVE THE RIGHT TO GO TO GANN'S PROPERTY AND ATTEMPT TO REMOVE ITEMS FROM THE HOME THIS MONDAY UNDER THE BELIEF THAT THERE WAS NO ACCOUNTABILITY. SIMILARLY, GANN CONFERRED WITH MR. MAY REGARDING SECURING THE PERSONAL PROPERTY.

THE UNITED STATES DID NOT HAVE THE RIGHT TO FILE INTO THE CASE DURING THE FURLOUGH.

IN CONTRAST, SCOTT GANN HAS A RIGHT TO QUESTION ULTRA VIRES ACTIONS SUCH AS COLLECTIONS BEYOND LIMITATIONS AND SCOTT GANN IS ALSO SIMULTANEOUSLY MAKING SURE THAT THERE ARE NO OTHER ADMINISTRATIVE REMEDIES THAT MUST BE EXHAUSTED OUT OF AN ABUNDANCE OF CAUTION).

## IV, BACKGROUND FACTS (VERIFIED BY SCOTT GANN IN A SEPARATELY FILED DECLARATION).

1. This case is currently pending before Judge Amos L. Mazzant in the United States District Court for the Eastern District of Texas, known as Case No. 4:24-CV-00277-ALM-AGD. It was filed in the Eastern District because Scott Gann' homestead is located within that District, at 4803 Shady Knolls in Parker, Texas.
2. Prior to this action to effectively enforce the Notice of Tax lien filed in the Eastern District of Texas in 2023, Scott Gann was a Plaintiff in a tax refund lawsuit that was tried in the Courthouse of the Northern District of Texas styled *Scott Gann v. United States*, No. 2010CV0034. The government did not commence its own tax action and instead filed a counterclaim in the same case.
3. In the present 2024 action, Scott Gann has not had to appear for hearings and did not see this Court's Judge's name until very recently. Scott Gann had to immediately check and verify that the name was not the same person whom Mr. Gann had a prior conflict with regarding a romantic rivalry.
4. As this case developed, Scott Gann has learned of some misrepresentations and inconsistencies with regards to the government's description of the event of the lien notice, which would trigger the running of the ten year statute of limitations known as the "collection statute end date" or CSED.
5. The CSEDs for quarters of responsibility of missed SSI Trust funds that were not deposited with the government have been identified in the tax lien that was filed in Collin County Real Property Records on June 28, 2009. for Gann would necessarily have to match the CSEDs for Humanity Capital Inc., the company that Gann held shares in. Separately, a Court of Claims decision identifies that the United States had a tax lien from 2007 related to the SSI liability. Additionally, the IRS interview form triggers the lien notice date as well.

In interview related to the 2005 unpaid 941s was reduced to interview Form 4180 (February 22, 2007). Gann reserves the right to use the date on Form 2751 if it starts the running of the 10 year statute even earlier.

6. The attached CSEDs exhibit demonstrates that Humanity Capital Inc.'s CSEDs were set to expire before 2019. Gann reserves his right to complain about the effect of the IRS filing a form with incorrect CSEDs on its face (already extending 2005 quarters into a CSED that is beyond its reach).

7. Finally, the dates of the 941 quarters and the corresponding CSEDs for those quarters where not all of the withheld funds were paid to the government must be the same dates that were applied to the CSEDs assigned to the corporation (Humanity Capital Holding Corporation Inc.,) that the government is attempting to apply to Gann, i.e. Gann's assessment of liability could not be made more than three years after older 941s were due,

8. Since Gann was the Plaintiff in the lawsuit for a refund of taxes overpaid/paid when Gann should not have been deemed the responsible party, the government's counterclaim did not suspend the collections period and did not extend the collections limitations period.

9. No order or law prevented the government from foreclosing upon/suing Gann for the purpose of having the court enter an order to force the sale of

Gann's Homestead and Gann's lawsuit for a refund did not change that fact.

10. The government did not "Commence" an action to be paid on the TFRP within ten years of the assessment of the lien. The government did not file a lawsuit to foreclose on the real property or force the sale of the real property before the CSED expired.

11. There was no agreement with Gann as a party whereby he agreed to extend or toll any limitations period. The government did not commence a lawsuit to try and sell the homestead until 2023 and so the action to sell the homestead at Shady Knolls for TFRP dating from 21005-2008 is beyond the CSEP. The IRS cannot provide a CSEP date that timely pairs with the original notice and there is not statutory or common law basis for suspending or extending the limitations period.

## V. MOTION FOR IN CAMERA INSPECTIION/BASIS FOR MOTION RELATING TO RECUSAL/APPEARANCE OF CONFLICT OR BIAS INFERRED FROM PRIOR ROMANTIC RIVALRIES

12. Defendant seeks to have a simple exhibit presented to the Court's law clerks for easy in camera inspection and after the Court has an opportunity conduct the in camera inspection, the Court can rule on the Motion for In Camera Inspection, and make a ruling as to whether the Court thinks that continued involvement in this case creates an appearance to third parties that there is a conflict.

13. The ABA standard recognizes a "past romantic rival" as being in a special category that always recognizes the prior history that necessarily involves complex feelings, possible animosities towards a suitor that is competing for affection or attention from a person that is admired.

14. Scott Gann is entitled to a legal review of whether the Government is attempting to sell his homestead well beyond the applicable CSEDs relating to the reporting quarters for the Trust Fund Recovery Penalties (TFRP) that the government sought to hold Gann responsible for when his CEO and CFO did not follow the Internal Revenue Code with regards to withholding funds to be deposited quarterly.

15. Gann has been receiving adverse rulings and now that he has paired a name and face with these rulings, he has realized that we need to have a ruling on conflicts or perceptions of conflicts.

## VI. Legal Standard

16. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further requires recusal if the judge

has a personal bias or prejudice concerning a party. The Supreme Court has emphasized the importance of maintaining both the reality and appearance of impartiality in the judiciary.

## VII. Necessity of additional information in recusal/transfer order.

Scott Gann incorporates by reference the pleadings and motions filed by Scott Gann in the present case and seeks an order dissolving the receivership or at least staying the receivership in the interim. Plaintiff incorporates by reference the other complaints relating to the conduct of the government and receiver.

Gann respectfully requests that the order of recusal afford Gann additional protections against the actions of the receiver and requests that the Court issue a Show Cause Order as to why the Receiver should remain in place.

**According to the IRS' own records and data relating to lien notices and CSED limitations, the government did not act within ten years of providing the lien notice to file a lawsuit to sell Gann's homestead and the present action is a violation of the IRS' terms for Revenue Enforcement Officers.**

A stay or vacation of the order appoint the receiver is needed until the appropriate court can make a ruling on whether the government failed to file an action to force the sale of Gann's homestead within ten years of the lien notice/within the CSED limitations period.

Gann can demonstrate that when the 3 year assessment of TFRP applies the 10 year CSED limitation period on enforcing the lien, that there was no action to sell his homestead or order authorizing the same and the government's failure to sue by 2019 to force the sale of the Homestead meant that the liens from 2009 and before expired under their own terms (by the CSED dates defined in the lien notice for the applicable 941 quarters that were affected).

**VIII. Request for Relief**

For the foregoing reasons, the undersigned respectfully requests that Judge Amos L. Mazzant review the in camera materials and grant the in camera motion and recuse himself from further involvement in this matter and that the case be reassigned to another judge in accordance with local rules and procedures. Gann respectfully requests that the order of recusal afford Gann additional protections against the actions of the receiver and requests that the next Court issue a Show Cause Order as to why the Receiver should remain in place.

**WHEREFORE, PREMISES CONSIDERED**, Scott Gann prays that this Court make a ruling on the Motion for In Camera Review and the conflict/appearance of bias/recusal/disqualification issue**, that this Court issue rulings as to the effect of the stay during the government shutdown, and that the Court make rulings as to whether it is appropriate to retain the Receiver or discontinue efforts to sell the real property**

**altogether under the circumstances.** Additionally, Scott Gann and his counsel pray for any and such further relief to which it may be justly entitled.

Respectfully submitted,

**Jason Charles Ciarochi**

/s/ Jason Charles Ciarochi
**Jason Charles Ciarochi**
Texas Bar No.24012424
jasonciarochi@gmail.com
P. O. Box 29256
Dallas, Texas 75229
(214) 642-2424 (Telephone)

**ATTORNEY FOR SCOTT GANN**

LAW OFFICE OF ROBERT R. PARKER, JR. LLC

By: /s/ Robert R. Parker, Jr.
Robert R. Parker, Jr.
P.O. BOX 2234
Portland, Oregon 97208
robertparker777@yahoo.com
213-798-8095
Oregon State Bar No 2164370
*Seeking admission Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a true and correct copy of the foregoing was filed and served upon all parties and counsel of record pursuant to the Court's ECF Notification system and the Federal Rule of Civil Procedure.

***/s/ Jason Charles Ciarochi***
Jason Charles Ciarochi

## CERTIFICATE OF CONFERENCE AND VERIFICATION THAT THE MOTION IS FILED IN GOOD FAITH AFTER REVIEWING CASELAW.

Mr. May and I had a pretty decent conference on issues relating to the recusal/conflict but I did not hear him state that the past competing romantic relationships for the affection of a woman is likely to have the perception that the court would have a bias or the appearance that the conflict could influence the case.

Other than additional illumination of the failure to collect on the lien within the CSED, it is believed that the government and Gann have conferred on all issues. This Court may not be familiar with the caselaw authority stating that in tax overpayment and refund lawsuits, Gann's suit did not toll the statute and that the same is true of the counterclaim filed by the government, which did not toll limitations either.

Additionally, subject to the penalty of perjury, I affirm that this motion is filed in good faith, the procedural facts are verified, and that his motion is not failed for the purpose of harassment or delay.

***/s/ Jason Charles Ciarochi*** Jason Charles Ciarochi
Lead Counsel for Scott Gann

Robert Parker is anticipating arguing some aspects of this case after his admission to practice law in the Northern District of Texas (pro hace vice or otherwise).